UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NEW SCHOONEBEEK DAIRY, LLC, | ) | CASE NO. 09-34327-hcd |
| Debtor. | ) | Chapter 11 |

### DEBTOR'S PLAN OF REORGANIZATION, DATED JUNE 28, 2010

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of New Schoonebeek Dairy, LLC (the "Debtor") from [specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for __1__ classes of secured claims; __1__ classes of unsecured claims; and __1__ classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $.10 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01  Class 1.    All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02  Class 2.    The claim of Rabo Agrifinance , to the extent allowed as a secured claim under § 506 of the Code.

2.03　　Class 3.　　All unsecured claims allowed under § 502 of the Code.

2.04　　Class 4.　　Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01　　Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02　　Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03　　Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of the plan.

3.04　　United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01　　Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – Secured Claim of Rabo Agrifinance, Inc. | Impaired | Rabo Agrifinance, Inc. made two loans in the debtor. The loans are referred to by the bank and the debtor as the "herd loan" including interest at the default rate was $2,650,502.97. The amount due on the "feed loan, including interest at the default rate, was $652,398.05. At the date of filing, the bank had expended $2,675.08 in legal fees and expenses.<br><br>The bank's total claim of $3,305,576.10 was secured by collateral with a value of $3,369,096.00, making it a fully secured creditor.<br><br>Under the cash collateral orders and adequate protection agreements that have been in place since the filing of this case, New Schoonebeek Dairy has paid to Rabo Agrifinance, as of June 15, 2010, funds sufficient to reduce the remaining balance to $2,675,352.14 to be dealt with through this plan of reorganization. Further reduction will take place as a result of additional payments while confirmation of this plan is pending.<br><br>The Debtor proposes to consolidate the remaining debt on both loans and the remaining debt would be secured by the same pre-petition collateral, plus post-petition acquisition of property of the same type and description. The balance would be paid by the debtor, with interest at 4.25% per annum, over 240 months. For cash flow purposes, the Debtor projects that monthly payments would not exceed $16,850.00. |

4

| Class 3 - General Unsecured Creditors | Impaired | General unsecured creditors will be paid, through issuance of promissory notes from the debtor due on or before June 30, 2011, a sum equal to 10% of their allowed claims. |
|---|---|---|
| Class 4 - Equity Security Holders of the Debtor | Impaired | Harry Bekel is the owner of 100% of the outstanding interest in New Schoonebeek Dairy, LLC. Bekel will be paid his salary of $60,000 per year as approved by this court. Harry Bekel will retain his interest in New Schoonebeek Dairy, LLC and will not receive any distribution in excess of his salary for the year 2010. After unsecured creditors have been paid, Bekel will have full ownership of New Schoonebeek Dairy, LLC and authority over its operations. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor REJECTS the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

> Lease with Bekel Leasing, except to the extent modified by agreement between the parties.

    (b) The Debtor will be conclusively deemed to have assumed all executor contracts and/or unexpired leases not expressly rejected under Section 6.01(a) above, or before the effective date of this Plan.

    Any proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the effective date of this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

  The Debtor will fund plan payments through dairy operations. The Debtor will continue to be owned, managed and operated by Harry Bekel. Mr. Bekel will maintain the herd level at approximately 1700 and will continue his agreement with a key employee, herdsman Amir Ben-Yehoshua.

  Bekel will continue to be paid his court-approved salary of $60,000 per year until all payments to unsecured creditors required by this plan have been completed. Thereafter, Bekel will be re-vested with full ownership and authority of New Schoonebeek Dairy, LLC.

## ARTICLE VIII
## GENERAL PROVISIONS

  8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

    Debtor means "New Schoonebeek Dairy, LLC."
    Petition Date means September 8, 2009.

  8.02 <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

  8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

  8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

6

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Indiana govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01.    Discharge.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted,

New Schoonebeek Dairy, LLC

By: _____
      Harry Bekel

_____
R. William Jonas, Jr. (#5025-71)
Attorney for Debtor
Hammerschmidt, Amaral & Jonas
137 N. Michigan St.
South Bend, IN 46601

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to:

Nancy J. Gargula
One Michiana Square Building
Suite 555
100 East Wayne Street
South Bend, IN 46601-2349

Alex Edgar
100 E Wayne Street
One Michiana Square
RM 555
South Bend, IN 46601

by first-class mail, postage fully prepaid on this the 28th day of June, 2010.

R. William Jonas, Jr. (5025-71)