UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NEW SCHOONEBEEK DAIRY, LLC, ) | CASE NO.  09-34327-hcd |
| TAX ID/EIN: 61-1409707 ) | Chapter 11 |
| ) | |
| 1858 E. 800S ) | |
| La Fontaine, IN  46940 ) | |
| ) | |
| Debtor ) | |

## OBJECTION TO CONFIRMATION OF
## DEBTOR'S PLAN OF REORGANIZATION

Comes now Rabo Agrifinance, Inc. ("Rabo"), a secured creditor herein, by counsel, and objects to the confirmation of the Debtor's Plan of Reorganization, Dated June 28, 2010.  In support of its Objection, Rabo shows the Court as follows:

**Facts Applicable to the Objection**

1.	On September 8, 2009 (the "Petition Date"), the Debtor, New Schoonebeek Dairy, LLC ("Schoonebeek") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition").  Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Schoonebeek has retained possession of Schoonebeek's assets and is authorized, as a debtor in possession, to continue the operation and management of the business previously conducted by Schoonebeek.

2.	Schoonebeek's business operations include a dairy operation located in Wabash County, Indiana (the "Dairy").  Assets of the Dairy include dairy cattle, offspring of cattle (collectively, the "Herd"), products of dairy cattle (including milk), feed, equipment, rolling stock, accounts, contract rights and other personal property (collectively, the "Dairy Assets").

3.	As of the Petition Date, Rabo asserted its first priority secured claim against Schoonebeek and the Dairy Assets in the principal amount of not less than $3,230,392.01 plus

1

interest, and additional fees and expenses (the "Pre-Petition Obligations"), by virtue of, among other things:

    a.    A Credit Agreement, dated May 24, 2006, by and between Schoonebeek and Rabo in the original principal amount of $3,134,000.00 (the "Credit Agreement");

    b.    An Amended and Restated Credit Agreement, dated July 17, 2007, by and between Schoonebeek and Rabo in the original principal amount of $3,174,400.00 (the "Amended Credit Agreement");

    c.    A First Amendment to the Amended Credit Agreement dated May 30, 2008 (the "First Amendment to the Amended Credit Agreement";

    d.    A Second Amendment to the Amended Credit Agreement dated March 6, 2009 (the "Second Amendment to Amended Credit Agreement");

    e.    A Herd Line of Credit Note, dated July 17, 2007, incorporating the terms of the Amended Credit Agreement, by and between Schoonebeek and Rabo in the original principal amount of $2,678,400.00 (the "Herd Note"); and

    f.    An Amended and Restated Working Line Capital Line of Credit Note, incorporating the terms of the Amended Credit Agreement, First Amendment to Amended Credit Agreement and Second Amendment to Amended Credit Agreement, by and between Schoonebeek and Rabo in the original principal amount of $646,000.00 (the "Working Capital Note").

    g.    The Obligations represented by the Herd Note and the Working Capital Note are collectively referred to hereinafter as the "Loan".

    h.    The loan documents signed and delivered in connection with the Loan include, without limitation, the following:

        i.    The Herd Note;

    ii. The Working Capital Note;

    iii. The Credit Agreement, Amended Credit Agreement and amendments thereto referenced above;

    iv. A Security Agreement, dated May 24, 2006; and

    v. All other documents and agreements signed in connection with the financing arrangements between Rabo and Schoonebeek (collectively, the "Loan Documents").

  4. Rabo has asserted that the Pre-Petition Obligations are secured by duly perfected first priority security interests and liens (the "Pre-Petition Liens") in certain personal property owned by Schoonebeek including all accounts, contract rights, documents, documents of title, payment intangibles, investment property, chattel paper, instruments, deposit accounts, inventory, equipment, fixtures, farm products, general intangibles, other Dairy Assets and related property as defined in the Security Agreement (the Pre-Petition Collateral"), with priority over all liens, claims, and interests of all other persons and entities including Schoonebeek.

  5. Rabo filed its Proof of Claim in this proceeding on October 14, 2009, the Proof of Claim asserting that Rabo maintained a secured claim against the Debtor in the sum of $3,305,576.10, as of the Petition Date.

  6. Pursuant to the Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral and Rabo's filed Objection thereto, an Order was entered by the Court on October 1, 2009, allowing for the use of cash collateral, on an agreed basis. A further Final Order was entered by the Court on November 20, 2010, which Final Order was extended by an additional Order entered on May 6, 2010, extending the use of cash collateral on an agreed basis through July 1, 2010. The Final Order, as extended, has now expired by its terms, but the parties have continued to operate under its terms until September 15, 2010.

7. The terms of the Final Cash Collateral Order provided:

> 2. Except to the extent liens exist pursuant to law and such liens were perfected prior to the Petition Date and are not subject to subordination, the liens and security interests granted to Rabo by Schoonebeek shall constitute first, paramount, enforceable and valid liens upon and security interests in the Collateral.

8. By reason of the premises, Rabo maintains a first priority security interest in virtually all of the personal property owned by Schoonebeek including Schoonebeek's farm products (and specifically its livestock), and equipment (the "Collateral").

9. As of September 30, 2010, Rabo continues to be owed the sum of $2,340,502.98 on the Herd Note and the sum of $241,931.27 on the Working Capital Note for a total of $2,582,434.25 (the "Total Remaining Indebtedness"), which Total Remaining Indebtedness is fully secured by the Collateral. In addition, Rabo is entitled to its reasonable attorney's fees as part of its balance.

10. As of September 30, 2010, the Collateral is made up of approximately 1574 cows valued at approximately $1,819.00/per cow for a total of $2,863,106.00; and Machinery & Equipment valued for liquidation purposes by Schoonebeek at $1,125,234.00.

11. The value of the farm products, inventory, equipment and other assets pledge to Rabo total at least the sum of 2,582,434.25 plus other charges and fees due to Rabo.

12. By further reason of the premises, Rabo is a fully secured creditor in this proceeding.

**Objection Based Upon Lack of Adequate Protection**

13. Pursuant to 11 U.S.C. §1129 (b)(2)(A), in order for the Court to confirm a Chapter 11 Plan of Reorganization, the Plan must provide:

> **(2)** For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
>
> **(A)** With respect to a class of secured claims, the plan provides--
>
> **(i)(I)** that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

4

>   **(II)** that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;
>
>   **(ii)** for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or
>
>   **(iii)** for the realization by such holders of the indubitable equivalent of such claims.

14. Schoonebeek's proposed Plan does not provide Rabo with the indubitable equivalent of its claim in that it proposes to pay Rabo over a period of 240 months (twenty years) whereby the useful life of the Collateral is approximately five (5) years. There is no reasonable argument over this time differential except so as to allow Schoonebeek to "cash flow" its Plan in the approximate sum of $16,850.00 per month verses the proper payment of $47,849.67 per month.

>   It is common ground that the "interest in property" referred to by § 362(d)(1) includes the right of a secured creditor to have the security applied in payment of the debt upon completion of the reorganization; and that that interest is not adequately protected if the security is depreciating during the term of the stay. Thus, it is agreed that if the apartment project in this case had been declining in value petitioner would have been entitled, under § 362(d)(1), to cash payments or additional security in the amount of the decline, as § 361 describes.
>   *United States Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 370 (1988).

15. Schoonebeek's Plan provides for payment of 4.25% interest per annum. Said interest rate is potentially below the contracted for interest rate of the Prime Rate as defined in the Loan Documents between Rabo and New Schoonebeek, and does not adequately protect Rabo's claim.

**Objection Based upon Lack of Feasibility**

16. Pursuant to 11 U.S.C. §1129 (a)(11), in order for the Court to confirm a Chapter 11 Plan of Reorganization, the Court must find that:

> Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

17. Schoonebeek's monthly expenses detailed in its August, 2010 Monthly Income Statement filed with the Court indicate income of $557,186.00 and monthly expenses of $618,875, for a net monthly loss of <$61,689.00>. Likewise Schoonebeek reports a Year-to-Date loss of <$204,086.00>.

18. While milk price variables can make up some of this loss, over the long term projections needed to fulfill the obligations dealt with in Schoonebeek's Plan, significant additional income or capital will be required. This is especially true given that the monthly expenses have not included full debt-service payments to Rabo and full lease payments to Schoonebeek's equipment lessor.

19. By reason of the premises, Schoonebeek's proposed Plan does not comply with the provisions of 11 U.S.C. §1129 (a)(11), and should not be confirmed.

**Objection Based upon Failure to Provide for Payment of Administrative Claim**

20. Pursuant to 11 U.S.C. §1129 (a)(9)(A), in order for the Court to confirm a Chapter 11 Plan of Reorganization, the Court must find that:

> Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that--
>
> **(A)** with respect to a claim of a kind specified in <u>section 507(a)(2)</u> or <u>507(a)(3)</u> of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

21. An administrative claim for post-petition rent due to Bekel Leasing has been asserted and allowed against Schoonebeek. This post-petition rental is believed to be in the

6

approximate sum of $100,000.00, and qualifies as a sum payable under 11 U.S.C. §507 (a)(2). Rabo has made demand, as a secured creditor of Bekel Leasing, of all money and claims due to Bekel Leasing. Rabo objects, as the holder of a claim by Bekel Leasing against Schoonebeek, to confirmation of Schoonebeek's Plan unless it provides for the immediate payment of all amounts due to Bekel Leasing. As shown above, Schoonebeek's budgets do not indicate any ability to fund such a payment.

22. By reason of the premises, Schoonebeek's proposed Plan does not comply with the provisions of 11 U.S.C. §1129 (a)(9)(A), and should not be confirmed.

WHEREFORE Rabo Agrifinance, Inc. prays that the Court deny confirmation of the Debtor's Plan of Reorganization, and for all other proper relief.

Respectfully Submitted,

KROGER, GARDIS & REGAS, LLP


By: /s/ Jay P. Kennedy_____
    Jay P. Kennedy, #5477-49
    Attorneys for Creditor,
    Rabo Agrifinance, Inc.


KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN   46204-5125
(317) 692-9000
(317) 264-6832 Fax
jpk@kgrlaw.com

7

**CERTIFICATE OF SERVICE**

      Service of the foregoing was made by placing a copy of the same in the United States Mail, First Class, postage prepaid, or by electronic service to the following this 15th day of October, 2010:

R. William Jonas, Jr.
Hammerschmidt, Amaral & Jonas
137 N. Michigan Street
South Bend, IN  46601

Nancy J. Gargula
United States Trustee
One Michiana Square Building
Suite 555
South Bend, IN  46601-2349

Alex Edgar
100 E Wayne Street
One Michiana Square
RM 555
South Bend, IN 46601

Douglas C. Lehman
Douglas C. Lehman Professional
 Corporation
30 West Canal Street
Wabash, IN 46992

                                                By:  /s/ Jay P. Kennedy

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN  46204-5125
(317) 692-9000
(317) 264-6832 fax
jpk@kgrlaw.com