UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-34327-hcd |
| NEW SCHOONEBEEK DAIRY, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### OBJECTION OF BEKEL LEASING LLC TO DEBTOR'S AMENDED PLAN OF REORGANIZATION

Bekel Leasing LLC ("Bekel") objects to Debtor's Amended Plan of Reorganization ("Plan") and shows the court as follows:

1. Bekel is the lessor of the property in Wabash County, Indiana at which Debtor is conducting its business. Debtor occupies the property pursuant to a lease (the "Lease").

2. Early in Debtor's Chapter 11 case Bekel and Debtor skirmished over Debtor's failure to pay rent to Bekel in September, October, and November, 2009. The parties' motion practice led to productive discussions that resulted in an agreement resolving outstanding issues between Debtor and Bekel. On February 19, 2010, Debtor filed that agreement (the "Agreement") with a motion for court approval, and on March 17, 2010 the court entered an order approving the Agreement.

3. Although Debtor made partial payments of rent in December 2009 and January 2010, and met some of its obligations under the Agreement, Debtor failed to meet all of its obligations under the Agreement.

4. Debtor's Plan fails to address or resolve either Debtor's obligations under the Agreement or Debtor's past failures to meet those obligations. As a result, the Plan cannot and should not be confirmed.

5. The Agreement fundamentally modified the Lease and contains the following significant elements:

    a. the term is extended to 2014;

    b. the rent payment, which was $75,000 per month, is amended to a formula consisting of Bekel's debt service on the real property, plus an agreed-upon return of investment for Bekel (which calculates to $491.94/day), plus Bekel's standard administrative fee of $1,475/month;

    c. the balance due of unpaid rent for December 2009 and January 2010, $16,032 (the "Catch-Up Rent"), was to be paid in two equal installments in April and May, 2010;

    d. the failure to pay rent during September – November 2009 was resolved by agreeing that Bekel would have an allowed, general unsecured claim of $75,000, and an administrative claim of $110,000, with the administrative claim to be paid to Bekel in 11 equal installments starting in the first month after confirmation of the Plan; and

    e. Addendum D concerning Debtor's option to purchase the real property was rewritten and replaced in its entirety.

6. The future rent payments required by the Agreement and the Catch-Up Rent due for December 2009 and January 2010 are post-petition administrative expenses under § 503 of the Code.

2

7. Although Section 3.02 of the Plan Debtor properly indicates that the administrative claim of Bekel will be paid in full pursuant to the Agreement, the Plan asserts that the amount of that claim is $110,000. That is not correct, and the true amount of Bekel's administrative claim is much larger, since it includes the $110,000 plus unpaid rent plus unpaid Catch-Up Rent due for December 2009 and January 2010.

8. Despite the provisions of the Agreement, Debtor has not paid Bekel the rent due under the Lease as modified by the Agreement or the Catch-Up Rent. Debtor has only sporadically paid Bekel the rent required to be paid under the Agreement since the Agreement was approved by this court a year ago. A spreadsheet reflecting the monthly rent payments due under the Lease as modified by the Agreement (not counting the Catch-Up Rent) is attached as Exhibit A. It reveals that a total of $694,219.17 was due from March 2010 through March 2011, but only $145,163.56 was paid, leaving a net amount still due for that period of **$549,055.52**.

9. As a result, Debtor and the estate have benefited throughout the post-petition period by continuing to occupy the property owned by Bekel and continuing to operate Debtor's business on that property without payment of rent to the property owner, thereby creating a significant administrative expense that continues to grow.

10. In addition, Debtor failed to pay the Catch-Up Rent for December 2009 and January 2010, **$16,032.06**, in April and May 2010 as required by the Agreement.

11. Thus, pursuant to the Agreement Debtor owes Bekel **$565,087.58** (the "Post-petition Debt") in addition to the agreed-upon $110,000 referenced in Debtor's Disclosure Statement, for a total agreed-upon post-petition amount due of **$675,087.58**.

12. The Plan utterly fails to address the Post-petition Debt, which Debtor incurred post-petition by continuing to operate its business on the premises owned by Bekel. Obviously,

3

without Bekel's forbearance with respect to this breach of the Agreement Debtor could never have proposed the Plan as an ongoing business.

13. Bekel objects to the Plan because it is not confirmable. The Plan's proposal to pay Bekel $110,000 on its administrative claim, while adequate as far as it goes, fails to take into account the Post-petition Debt. As such the Plan proposes an unreasonable payment in violation of §1129(a)(4) of the Code. Finally, the Plan's failure to address payment of Bekel's claims under §503(b)(1)(A) of the Code in connection with the Post-petition Debt violates §1129(a)(9) of the Code.

14. Essentially, the failure of the Plan to properly provide for how Debtor will meet its obligations under the Agreement and the modified Lease, and its failure to address the Post-petition Debt that arose from Debtor's past failures to meet those obligations, make the Plan unconfirmable.

WHEREFORE, Bekel requests the court to deny confirmation of the Plan unless and until the objections stated above have been satisfied.

Respectfully submitted,

/s/ W. David Arnold
W. David Arnold (Ohio Bar 0028360)
Robison, Curphey & O'Connell
Four Seagate, Ninth Floor
Toledo, OH  43604
419-249-7900 – telephone
419-249-7911 – facsimile
darnold@rcolaw.com

Admitted *pro hac vice*

Counsel for Bekel Leasing LLC

## CERTIFICATE OF SERVICE

Toledo, OH
March 24, 2011

   This is to certify that copies of the foregoing were sent by regular U.S. mail, to the following:

R. William Jonas, Jr., Esq.
Hammerschmidt, Amaral & Jonas
137 N. Michigan Street
South Bend, IN  46601

Nancy J. Gargula, Esq.
Alexander L. Edgar, Esq.
United States Trustee
One Michiana Square Building
Suite 555
South Bend, IN  46601-2349

and that the foregoing was served on all other counsel and parties through the court's electronic distribution service.

                /s/ W. David Arnold

| Period | Debt service | Investor return | Admin charges | TOTAL RENT DUE | RENT PAID |
|---|---|---|---|---|---|
| March 2010 | 36,290.89 | 15,250.14 | 1,475.00 | 53,016.03 | |
| April 2010 | 36,290.89 | 14,758.20 | 1,475.00 | 52,524.09 | 36,290.98 |
| May 2010 | 36,290.89 | 15,250.14 | 1,475.00 | 53,016.03 | |
| june 2010 | 36,290.89 | 14,758.20 | 1,475.00 | 52,524.09 | 72,581.78 |
| July 2010 | 36,290.89 | 15,250.20 | 1,475.00 | 53,016.09 | 36,290.89 |
| August 2010 | 36,290.89 | 15,250.20 | 1,475.00 | 53,016.09 | |
| September 2010 | 37,876.31 | 14,758.20 | 1,475.00 | 54,109.51 | |
| October 2010 | 37,348.17 | 15,250.14 | 1,475.00 | 54,073.31 | |
| November 2010 | 37,876.31 | 14,758.20 | 1,475.00 | 54,109.51 | |
| December 2010 | 37,348.17 | 15,250.14 | 1,475.00 | 54,073.31 | |
| January 2011 | 37,875.31 | 15,250.14 | 1,475.00 | 54,600.45 | |
| February 2011 | 36,290.89 | 13,774.32 | 1,475.00 | 51,540.21 | |
| March 2011 | 37,875.31 | 15,250.14 | 1,475.00 | 54,600.45 | |
| **TOTALS** | $ 480,235.81 | $ 194,808.36 | $ 19,175.00 | $ 694,219.17 | $ 145,163.65 |

Unpaid post-petition lease terms through 03/24/2011     549,055.52
Catch-up rent dor December 2009 & January 2010     16,032.06

**TOTAL UNPAID POST PETITION LEASE TERMS**     $ 565,087.58

Administrative claim Bekel Leasing     110,000.00

**TOTAL AMOUNT DUE FROM NEW SCHOONEBEEK DAIRY, LLC**     $ 675,087.58

# EXHIBIT A