UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NEW SCHOONEBEEK DAIRY, LLC, ) | CASE NO. 09-34327-hcd |
| ) | Chapter 11 |
| ) | |
| 1858 E. 800S ) | |
| La Fontaine, IN  46940 ) | |
| ) | |
| Debtor ) | |

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
STIPULATION ON CONTINUING USE OF CASH COLLATERAL**

Come now New Schoonebeek Dairy, LLC, by counsel and Rabo Agrifinance, Inc., by counsel, and jointly move the Court to enter an Order approving the parties' stipulation ("Stipulation") with regard to the continuing use of cash collateral in the above captioned matter. In support of this Motion, the parties show unto the Court as follows:

**Facts Applicable to the Motion**

1. On September 8, 2009 (the "Petition Date"), the Debtor, New Schoonebeek Dairy, LLC ("New Schoonebeek") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, New Schoonebeek has retained possession of New Schoonebeek's assets and is authorized, as a debtor in possession, to continue the operation and management of the business previously conducted by New Schoonebeek.

2. New Schoonebeek's business operations include a dairy operation located in Wabash County, Indiana (the "Dairy"). Assets of the Dairy include dairy cattle, offspring of cattle (collectively, the "Herd"), products of dairy cattle (including milk), feed, equipment, rolling stock, accounts, contract rights and other personal property (collectively, the "Dairy Assets").

1

3. In order to operate the Dairy, New Schoonebeek leases real estate and improvements located at 1858 E. 800 South, La Fontaine, Indiana (the "Real Estate").

4. As of the Petition Date, Rabo asserted its first priority secured claim against New Schoonebeek and the Dairy Assets in the principal amount of not less than $3,230,392.01 plus interest, and additional fees and expenses (the "Pre-Petition Obligations"), by virtue of a Credit Agreement, a Herd Line of Credit Note in the original principal amount of $2,678,400.00 (the "Herd Note"), an Amended and Restated Working Line Capital Line of Credit Note, and Rabo in the original principal amount of $646,000.00 (the "Working Capital Note"), and a Security Agreement, dated May 24, 2006.

5. Rabo has asserted that the Pre-Petition Obligations are secured by duly perfected first priority security interests and liens (the "Pre-Petition Liens") in certain personal property owned by New Schoonebeek including all accounts, contract rights, documents, documents of title, payment intangibles, investment property, chattel paper, instruments, deposit accounts, inventory, equipment, fixtures, farm products, general intangibles, the Dairy Assets and related property as defined in the Security Agreement (the Pre-Petition Collateral"), with priority over all liens, claims, and interests of all other persons and entities including New Schoonebeek.

6. Rabo filed its Proof of Claim in this proceeding on October 14, 2009, the Proof of Claim asserting that Rabo maintained a secured claim against New Schoonebeek in the sum of $3,305,576.10, as of the Petition Date.

7. In order to operate the Dairy, New Schoonebeek is required to utilize the Dairy Assets as well as cash and cash proceeds of the Dairy Assets ("Cash Collateral").

8. Pursuant to the Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral and Rabo's filed Objection thereto, an Order was entered by the Court on October 1, 2009, allowing for the use of the Cash Collateral, on an agreed basis. A further Final Order was entered by

the Court on November 20, 2010, which Final Order was extended by an additional Order entered on May 6, 2010, extending the use of the Cash Collateral on an agreed basis through July 1, 2010. The Final Order, as extended, has now expired by its terms, but the parties have continued to operate under its general terms as modified by the Court in its rulings made in this proceeding.

9. Paragraph Two (2) of the Final Cash Collateral Order provides that,

> Except to the extent liens exist pursuant to law and such liens were perfected prior to the Petition Date and are not subject to subordination, the liens and security interests granted to Rabo by New Schoonebeek shall constitute first, paramount, enforceable and valid liens upon and security interests in the Collateral.

10. By reason of the premises, Rabo maintains a first priority security interest in virtually all of the personal property owned by New Schoonebeek including New Schoonebeek's farm products (and specifically its livestock), and equipment (collectively, the "Collateral").

11. As of September 1, 2011, Rabo continued to be owed the sum of $2,330,502.98 in principal on the Herd Note and the sum of $236,621.81 in principal on the Working Capital Note for a total of $2,567,124.90, each plus additional interest and other charges as the Court shall allow, (the "Total Remaining Indebtedness"), which Total Remaining Indebtedness is fully secured by the Collateral. In addition, Rabo is entitled to its reasonable attorney's fees as part of its balance.

12. As of August 17, 2011, the parties stipulate that Collateral is made up of approximately 1450 cows valued at approximately $2,105,000.00; and Machinery & Equipment valued at $300,900.00. In support of their stipulation, an appraisal dated August 17, 2011 is attached hereto as **Exhibit A**.

13. Rabo asserts that the quantity and quality of Rabo's Collateral has been declining and that, therefore, Rabo has not been adequately protected for the loss of value in its Collateral.

Specifically, attached hereto as **Exhibit B** is New Schoonebeek's August, 2011 Monthly Financial Report, which Report indicates a <$44,299.00> cash loss for the month and a <$125,159.00> accrual loss for the month. In addition, the cow count had decreased from 1501 on June 30, 2011, to 1,450 on August 31, 2011.

14. On April 29, 2011, Rabo filed its Statement of Transfer of Claim pursuant to BR Rule 3001(e)(2) detailing that Rabo has been transferred the pre-petition and post-petition administrative claims of Bekel Leasing, LLC ("Bekel Leasing").

15. Pursuant to a Motion made by the Debtor on February 19, 2010 (Document No. 107), and subsequent Order approving the Motion on March 17, 2010 (Document No. 112), the Debtor and Bekel Leasing entered into an agreement whereby the Debtor assumed a lease of the Real Estate from Bekel to the Debtor (the "Lease Assumption Agreement"). The Lease Assumption Agreement provided that continuing monthly payments due under the Lease between New Schoonebeek were required to be made. A copy of the Lease Assumption Agreement is attached hereto as **Exhibit C**.

16. Rabo asserts that the Debtor is in default of the continuing monthly payments required under the Lease Assumption Agreement (with at least twelve (12) months elapsing since the last Lease payment).

17. In summary, Rabo is owed $2,567,124.90, plus additional interest and other charges as the Court shall allow, which sum is collateralized by a first priority secured interest in the Debtor's Collateral (the "Rabo Secured Claim"), and is further owed at least $675,087.58 as an administrative claim pursuant to the assignment of the claim from Bekel Leasing to Rabo (the "Rabo Administrative Claim").

18. The Final Cash Collateral Order has expired according to its terms and Rabo is no longer willing to allow the use of the Cash Collateral unless it can be shown to be adequately protected.

19. New Schoonebeek stipulates that it can no longer adequately protect Rabo's secured interest in the Collateral. Specifically, while New Schoonebeek's income from Dairy operations has been maintained or increased due to rising milk prices, its expenses have dramatically increased due to higher feed and cow costs, resulting in continuing operating losses which can no longer be sustained absent a substantial equity investment.

20. While New Schoonebeek has identified a potential equity investor, and incorporated the terms of an equity investment in its currently pending Second Amended Plan ("Plan"), the equity investment requires New Schoonebeek to purchase the Real Estate from Rabo over time and at price which is not agreeable to Rabo. Rabo has indicated that it is not willing to allow the purchase of the Real Estate by New Schoonebeek under the terms presented in the Plan, and further does not consent to the treatment proposed in the Plan.

21. Rabo and New Schoonebeek each requested, in open Court, that a hearing be scheduled to take up the issue of New Schoonebeek's continued use of cash collateral. The Court has subsequently scheduled a hearing for October 3, 2011 at 10:00 a.m. and given notice of the hearing.

22. By reason of the premises, Rabo and New Schoonebeek hereby agree to a Stipulation concerning the continued use of cash collateral whereby:

A. New Schoonebeek shall be authorized to continue to utilize the Cash Collateral for a period of 30 days from October 1, 2011, pursuant to the budget attached hereto as **Exhibit D**;

B. New Schoonebeek will immediately commence the reduction of its non-productive cows, and pay the proceeds of the sale of the non-productive herd to Rabo;

C. New Schoonebeek agrees to assign to Rabo all rights to operate under Indiana Department of Environmental Management permits;

D.   Harry Bekel, managing member of New Schoonebeek, agrees to enter into a separate management agreement for the New Schoonebeek assets, with terms as generally set forth in **Exhibit E** attached hereto;

E.   Following approval of this Stipulation by the Court, New Schoonebeek shall commence, in cooperation and in conjunction with Rabo, to liquidate the remainder of the Dairy herd in a commercially reasonable manner.

E.   Rabo and New Schoonebeek shall account to North Central Cooperative for the liquidation proceeds and, if said proceeds exceed the indebtedness due and owing to Rabo, said proceeds shall be paid over to North Central Cooperative to the extent of North Central Cooperative's secured claim in this proceeding;

F.   The Debtor's unsecured creditors shall be paid the sum of $10,000.00, to be paid pro-rata, from the proceeds of the liquidation of the Dairy herd;

G.   New Schoonebeek's lease interest in the Real Estate shall be abandoned to Rabo upon payment of the above set forth amounts.

H.   Upon payment of the above set forth amounts, New Schoonebeek will dismiss these proceedings.

Wherefore, New Schoonebeek Dairy, LLC, debtor herein, and Rabo Agrifinance, Inc., the debtor's primary secured creditor herein, pray that the Court take notice of the terms of the above set forth Stipulation; that the Court enter an Order approving the parties' Stipulation; and for all other

proper relief.

                Respectfully Submitted,

                KROGER, GARDIS & REGAS, LLP

                By:  /s/ Jay P. Kennedy_____
                    Jay P. Kennedy, #5477-49
                    Attorneys for Creditor, Rabo Agrifinance, Inc.

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN   46204-5125
(317) 692-9000
(317) 264-6832 Fax

                HAMMERSCHMIDT, AMARAL & JONAS

                By:  /s/ R. William Jonas_____
                    R. William Jonas
                    Attorney for Debtor New Schoonebeek Dairy, LLC

  R. William Jonas, Jr.
  Hammerschmidt, Amaral & Jonas
  137 N. Michigan Street
  South Bend, IN  46601

7

## CERTIFICATE OF SERVICE

      Service of the foregoing was made by placing a copy of the same in the United States Mail, First Class, postage prepaid, or by electronic service to the following this 30th day of September, 2011:

R. William Jonas, Jr.
Hammerschmidt, Amaral & Jonas
137 N. Michigan Street
South Bend, IN  46601

Nancy J. Gargula
United States Trustee
One Michiana Square Building
Suite 555
South Bend, IN  46601-2349

Alex Edgar
100 E Wayne Street
One Michiana Square
RM 555
South Bend, IN 46601

Douglas C. Lehman
Douglas C. Lehman Professional
 Corporation
30 West Canal Street
Wabash, IN 46992

Mathew J. Connelly
Blum, Connelly, Jordan, Stucky
110 West Berry Street
Suite 170
Fort Wayne, IN 46802

                          By:  /s/ Jay P. Kennedy

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN  46204-5125
(317) 692-9000 (317) 264-6832 fax